IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER DEMMER, )<br>)<br>    Plaintiff,  )<br>               )     CIVIL ACTION NO.<br>    v.         )       1:14cv183-MHT<br>               )           (WO)<br>DARDEN RESTAURANTS, INC., )<br>d/b/a Olive Garden Italian )<br>Restaurant, and LIBERTY    )<br>MUTUAL GROUP, INC.,        )<br>               )<br>    Defendants. ) | |

OPINION AND ORDER

By agreement of the parties made on the record on April 11, 2014, it is the ORDER, JUDGMENT, and DECREE of the court that this case is remanded to the Circuit Court of Houston County, Alabama.

The clerk of the court is to take appropriate steps to effect the remand.

All pending motions are left for resolution by the state court after remand and are terminated in this court.

This case is closed.

***

Prior to the parties' agreement to remand the case, defendant Liberty Mutual Group, Inc. sought to have one count of the amended complaint severed and retained by this court while the other count was remanded. While the court need not reach Liberty Mutual's arguments, it does feel obliged to clarify this point for counsel. The parties agree that the first count of the amended complaint is not removable because it "aris[es] under the workmen's compensation laws" of Alabama. 28 U.S.C. § 1445(c). The general rule is that courts, if they remand at all, remand entire cases. <u>See</u> 14C Fed. Prac. & Proc. Juris. § 3739 (4th ed.) (court "must remand the entire case" and "may not remand some, but fewer than all, of the claims that comprise the case"). The only removal statutory provision that authorizes courts to sever and remand part of a case is 28 U.S.C. § 1441(c), which applies only if the case includes a claim that

2

falls under federal-question jurisdiction (which this case does not).

In its notice of removal, Liberty Mutual cites several cases in support of severance and retention of the second claim (which asserts the tort of outrage), but those cases are inapposite.  In <u>Raye v. Employer's Ins. of Wausau</u>, 345 F. Supp. 2d 1313, 1315 (S.D. Ala. 2004) (Steele, J.), for example, the court held that the tort claims asserted in that case, including the tort of outrage, did not <u>themselves</u> arise under the worker's compensation laws and thus were not rendered nonremovable by 28 U.S.C. § 1445(c).  But in this case, unlike <u>Raye</u>, there is <u>another</u> claim which, it is undisputed, does arise under the worker's compensation laws.  Thus the question here is whether, given that § 1445(c) applies to part of the case, the entire case must be remanded. Neither <u>Raye</u> nor the other cases cited by Liberty Mutual address this question.  Liberty Mutual has offered no

3

authority to support its view that the general rule of remanding the entire case should not apply.

DONE, this the 15th day of April, 2014.

                                                  /s/ Myron H. Thompson
                                        UNITED STATES DISTRICT JUDGE